# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LIFEFORCE CRYOBANK SCIENCES, INC.,**

   **Plaintiff,**

**v.**               Case No: 6:20-cv-316-Orl-31DCI

**RSUI INDEMNITY COMPANY and STARSTONE SPECIALTY INSURANCE COMPANY,**

   **Defendants.**

## ORDER

  This matter comes before the Court without a hearing on the Motion to Remand (Doc 12) filed by the Plaintiff, Lifeforce Cryobank Sciences, Inc. (henceforth, "Lifeforce"), and the response in opposition (Doc. 17) filed by Defendant Starstone Specialty Insurance Company ("Starstone"). In the underlying state court action, Lifeforce has sued its insurers, asserting that they owe it a defense in an arbitration action before the American Arbitration Association.

  On January 6, 2020, Lifeforce filed an amended complaint in state court. On February 24, 2020, Starstone removed the case to this court, pursuant to 28 U.S.C. 1332, which provides that this court has original jurisdiction over matters involving at least $75,000 in controversy and between, *inter alia*, citizens of different states.[1] Lifeforce does not dispute that this action involves at least $75,000 in controversy. However, both Lifeforce and Starstone are incorporated in Delaware (although Lifeforce has its principal place of business in Florida). And 28 U.S.C.

---

[1] The Court cannot find that Defendant RSUI ever consented to removal pursuant to 28 U.S.C. 1446(b)(2)(C).

§ 1332(c) provides, in pertinent part, that a corporation shall be deemed a citizen of every state in which it is incorporated and of the state where it has its principal place of business. As such, it appears that both Lifeforce and Starstone are citizens of Delaware, and Starstone's removal was therefore improper.

Starstone responds by pointing to two cases – *Kozikowski v. Delaware River Port Auth.*, 397 F. Supp. 1115, 1117 (D.N.J. 1975) and *Hudak v. Port Auth. Trans-Hudson Corp.*, 238 F. Supp. 790 (S.D.N.Y. 1965) – that seem to authorize diversity citizenship in this case. But both of those cases involve the specialized problem of bi-state agencies that are incorporated in two states – Pennsylvania and New Jersey in the former, New York and New Jersey in the latter. In the instant case, Starstone is incorporated in only one state, and neither *Kozikowski* nor *Hudson* apply. As such, 28 U.S.C. 1332(c) makes Lifeforce a Delaware citizen, just like Starstone. The Court therefore lacked diversity jurisdiction, and remand is appropriate.[2]

---

[2] Because the Court finds for Lifeforce on these grounds, it does not consider the Plaintiff's alternative argument that removal was untimely. (Doc. 12 at 3-5).

Accordingly, it is hereby

**ORDERED** that the Motion to Remand (Doc 12) filed by the Plaintiff, Lifeforce Cryobank Sciences, Inc., is **GRANTED**, and this case is hereby **REMANDED** to the Circuit Court for the Eighteenth Judicial Circuit. And it is further

**ORDERED** that the Court retains jurisdiction to determine whether fees and costs should be awarded to Lifeforce, and that portion of the case is transferred to Judge Irick to determine whether such an award would be appropriate.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 23, 2020.

**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**