# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

LIFEFORCE CYROBANK SCIENCES, INC.,

        **Plaintiff,**

v.                                         Case No: 6:20-cv-316-Orl-31DCI

RSUI INDEMNITY COMPANY and STARSTONE SPECIALTY INSURANCE COMPANY,

        **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Motion for Attorney's Fees Following Remand (Doc. 19)
>
> **FILED:** April 6, 2020
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

### I. Background

This case arises from an action initially filed in state court, where Plaintiff Lifeforce Cryobank Sciences, Inc. (Plaintiff) sued its insurers, asserting that they owe Plaintiff a defense in an arbitration action before the American Arbitration Association. *See* Doc. 18 at 1.

On January 6, 2020, Plaintiff filed an amended complaint in state court. *See id.* On February 24, 2020, Defendant Starstone Specialty Insurance Company (Defendant) removed the case to this Court pursuant to 28 U.S.C. § 1332, which provides for this Court's diversity jurisdiction. *See id.*; *see also* Doc. 1 (the Notice of Removal). In the Notice of Removal,

Defendant alleged that "the action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *See* Doc. 1 at ¶¶ 19-20.

Plaintiff filed a motion to remand, conceding the amount in controversy but disputing that complete diversity exists. Doc. 12. Plaintiff argued that because it and Defendant are both incorporated in Delaware—and thus are both citizens of Delaware—the parties are not diverse and, thus, removal was improper. *See id.* In response, Defendant stated that complete diversity exists because Defendant is a citizen of Delaware and Plaintiff "specifically alleged in its amended complaint that its principal place of business is in Florida." Doc. 17. To oppose remand, Defendant relied upon two cases for the proposition that: "Where as here, suit has been brought by a citizen of state [sic] against a corporation which is a citizen of Plaintiff's state as well as other state [sic], diversity exists." *Id*. at 2 (citing *Kozikowski v. Delaware River Port Auth.*, 397 F. Supp. 1115, 1117 (D.N.J. 1975); *Hudak v. Port Auth. Trans-Hudson Corp.*, 238 F. Supp. 790 (S.D.N.Y. 1965)).

The Court entered an order remanding this case and retaining jurisdiction to determine whether fees and costs should be awarded to Plaintiff. Doc. 18 (the Order).

On April 6, 2020, Plaintiff filed a Motion for Attorney's Fees Following Remand. Doc. 19 (the Motion). On April 22, 2020, Defendant filed a response in opposition. Doc. 23 (the Response).[1] The Motion is now ripe for review.

**II.    Discussion**

---

[1] Defendant filed an initial response in opposition to the Motion on April 20, 2020 (*see* Doc. 20) but requested and received leave to file an amended response (*see* Docs. 21; 22).

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*; *see also Batchelor v. Am. Optical Corp.*, 185 F. Supp. 3d 1358, 1365 (S.D. Fla. 2016) (applying the Supreme Court's standard). This "reasonableness standard" is the result of balancing the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party with a defendant's right to removal upon satisfaction of the statutory criteria. *Bauknight v. Monroe Cty.*, 446 F. 3d 1327, 1329 (11th Cir. 2006) (citing *Martin*, 546 U.S. at 140).

Here, Plaintiff argues that Defendant lacked an objectively reasonable basis for seeking removal because Defendant "ignor[ed] and/or fail[ed] to confirm the obvious" fact that both Plaintiff and Defendant are Delaware citizens and subsequently "falsely alleged" that there was complete diversity between the parties. *See* Doc. 19. Plaintiff also argues that "courts have awarded fees in similar circumstances where diversity did not exist." *Id.* at 3-4. In response, Defendant argues that "Defendant sought removal based on the fact that Plaintiff was doing business in Florida, and thus, a citizen of both Delaware and Florida. . . [and] legal authority exists to support a finding that diversity exists where a party has dual citizenship, one of which differs from the opposing party's citizenship." Doc. 23 at 2 (citing *Kozikowski*, 397 F. Supp. 1115 at 1117; *Hudak*, 238 F. Supp. 790).

The unnamed legal concept Defendant attempted to evoke is the "forum doctrine." Yet the current validity of the forum doctrine is highly questionable—at best—as its creation pre-dates

the 1958 amendments to § 1332, through which Congress amended the diversity statute to what became 28 U.S.C. § 1332(c)(1).  And while Defendant identified two cases (from 1965 and 1975) that seem provide some support for the proposition that the doctrine survived the 1958 amendments, recent case law is much more critical of the doctrine.  *See Delphi Auto. Sys., LLC v. Segway Inc.*, 519 F. Supp. 2d 662, 666–67 (E.D. Mich. 2007) ("This Court agrees with the majority of federal district courts and concludes that the forum doctrine was effectively abolished when Congress amended the diversity statute in 1958."); *V–1 Oil Co. v. CC&T, Inc.,* 658 F. Supp. 886, 888 (D. Utah 1987) (finding that the "weight of authority" supports "the position that the 1958 amendment effectively abolished the forum doctrine. Both the Third and the Fifth Circuits have adopted this position, while no circuits have upheld the forum doctrine since section 1332(c) was amended"); *Smith v. Arundel Co-op., Inc.*, 660 F. Supp. 912, 913–14 (D.D.C. 1987) ("More recently, however, a number of courts have taken the view that the statute makes corporations citizens of *every* state in which they are incorporated, and thus abolishes the doctrine.") (emphasis in original).

That said, the Eleventh Circuit explicitly declined to consider the validity of the forum doctrine in a 1985 decision, although it noted the criticism of the doctrine.  *See Fritz v. Am. Home Shield Corp.*, 751 F.2d 1152, 1154 (11th Cir. 1985) ("Since the defendant corporation is incorporated only in Florida, we need not address the so-called 'forum doctrine,' which for purposes of diversity jurisdiction treats a corporation incorporated in more than one state as if it were incorporated only in the forum state. *See generally,* 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3626 (2d ed. 1984) (discussing cases upholding and abolishing doctrine since Congress amended 28 U.S.C. § 1332(c) in 1958.").  Yet the undersigned is persuaded that the forum doctrine was certainly abolished following the 2011 amendments to the

statute; since that time, discussion of the doctrine has mostly faded from the common law. As one court explained recently:

> [T]he forum doctrine is no longer viable due to the 2011 amendments to § 1332. Following those amendments, a corporation is now "deemed 'a citizen of *every* State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.' " *Danner v. Int'l Freight Sys. of Wash., LLC*, 855 F. Supp. 2d 433, 445 (D. Md. 2012) (emphasis added) (quoting 28 U.S.C. § 1332(c)(1), *as amended by* the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112–63, 125 Stat. 758, § 102 (Dec. 7, 2011)). ***Even if the forum doctrine survived 1958, it unquestionably perished in 2011.***

*Mir v. State Farm Mut. Auto. Ins. Co.*, No. 1:18-CV-1315, 2019 WL 5425012, at *1 (C.D. Ill. May 3, 2019) (emphasis added).

Certainly, Defendant could have cogently made its argument and identified the correct legal doctrine—as well as the criticism thereof. Ultimately, however, that would not have mattered, as the rule espoused by the forum doctrine is no longer available and the Court appropriately distinguished and declined to follow the cases cited by Defendant. Even if the forum doctrine could still support a legally viable argument, Defendant failed to establish that this case fell within the confines of that doctrine.

The relevant issue at this juncture is whether the basis for removal was objectively reasonable, not whether the argument for removal was ultimately successful. *See Martin*, 546 U.S. 132 at 136 ("We hold that, absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."). This "reasonableness standard" is the result of balancing "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party" with a defendant's right to removal when the statutory criteria are satisfied. *See* Bauknight, 446 *F.3d at* 1329 ("The reasonableness standard was ultimately the result of balancing 'the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not

undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.'") (citations omitted). Here, Defendant attempt to justify removal was clumsy and incorrect, but it was not objectively unreasonable given the lack of binding authority foreclosing the viability of the forum doctrine.

### III.    Conclusion

For the reasons stated herein, the Given the undersigned respectfully recommends that the Motion (Doc. 19) be **DENIED**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 28, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy